1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA, | CASE NO.   1:13-cv-00289-LJO-MJS (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 1) |
| ROUCH, | AMENDED COMPLAINT DUE WITHIN |
| Defendant. | THIRTY (30) DAYS |

_____/

**SCREENING ORDER**

I.    **PROCEDURAL HISTORY**

On February 27, 2013, Plaintiff Roberto Herrera, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff's Complaint is now before the Court for screening.

II.   **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

III.   **SUMMARY OF COMPLAINT**

Plaintiff names Rouch as the sole Defendant and alleges the following occurred at Corcoran State Prison (Corcoran):

Plaintiff has suffered a series of fractured bones requiring corrective metal implants resulting in chronic back pain for more than a decade.  On February 15, 2013, Plaintiff saw Defendant Rouch regarding his condition.  Plaintiff explained that his medication was not effective and requested a chrono for thermal underwear bottoms because the pain

worsened in cold temperatures.  Rouch replied, "there is nothing I can do for you."  (Compl. at 2.)

## IV.    ANALYSIS

### A.    Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### B.    Exhaustion of Administrative Remedies

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative

remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

Plaintiff alleges he exhausted available administrative remedies but did so more than two years prior to the occurrence of the conduct he complains of in the Complaint. (Compl. at 2.)  Apparently, that prior administrative process addressed similar but earlier health care complaints.  To proceed on this action, Plaintiff must show that he pursued an inmate appeal grieving the facts he puts in issue in this suit, which relates to an interaction with Defendant Rouch on February 15, 2013. Attempts to exhaust administrative remedies prior to that date would not satisfy Plaintiff's obligation here even if the previous efforts addressed similar issues.

Plaintiff's Complaint on its face suggests a failure to exhaust administrative remedies.   Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . .").  Plaintiff alleges nothing to show an exception to the exhaustion requirements. See Sapp v. Kimbrell, 623 F.3d 813, 826 (9th Cir. 2010) (an exception to exhaustion has been recognized where a prison official renders administrative remedies effectively unavailable.)

The Court will grant Plaintiff leave to amend.  If Plaintiff chooses to file an amended pleading, he must allege true facts showing  exhaustion or an exception to the exhaustion

4

1  requirement.

2  **C.      Inadequate Medical Care**

3  In the event Plaintiff can show he has exhausted his administrative remedies, the

4

5  following sets forth general requirements for pleading a constittuional violation based on

6  inadequate medical care.

7  "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an

8  inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439

9  F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  The

10

11  two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical

12  need' by demonstrating that 'failure to treat a prisoner's condition could result in further

13  significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's

14  response to the need was deliberately indifferent."   Jett, 439 F.3d at 1096 (quoting

15  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds,

16  WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations

17

18  omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a

19  prisoner's pain or possible medical need, and harm caused by the indifference."  Jett, 439

20  F.3d at 1096 (citing McGuckin, 974 F.2d at 1060).  In order to state a claim for a violation

21  of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the

22  named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . .

23  . ."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

24  In applying this standard, the Ninth Circuit has held that before it can be said that

25  a prisoner's civil rights have been abridged, "the indifference to his medical needs must be

26

27  substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

1  cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)

2  (citing Estelle, 429 U.S. at 105-06).  "[A] complaint that a physician has been negligent in

3  diagnosing or treating a medical condition does not state a valid claim of medical

4  mistreatment under the Eighth Amendment.  Medical malpractice does not become a

5  constitutional violation merely because the victim is a prisoner."  Estelle, 429 U.S. at 106;

6  see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974

7  F.2d at 1050.  Even gross negligence is insufficient to establish deliberate indifference to

8  serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

9      Also, "a difference of opinion between a prisoner-patient and prison medical

10  authorities regarding treatment does not give rise to a § 1983 claim."  Franklin v. Oregon,

11  662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, Plaintiff "must

12  show that the course of treatment the doctors chose was medically unacceptable under

13  the circumstances . . . and . . . that they chose this course in conscious disregard of an

14  excessive risk to plaintiff's health."  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)

15  (internal citations omitted).  A prisoner's mere disagreement with diagnosis or treatment

16  does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242

17  (9th Cir.1989).

18          1.     Serious Medical Need

19  Plaintiff suffered several fractures in his back, received metal implants, and has

20  experienced more than ten years of chronic pain, uncontrolled by medication, as a result.

21  Plaintiff adequately alleges a serious medical need and thus satisfies the first element of

22  his Eighth Amendment medical treatment claim.  See Doty v. County of Lassen, 37 F.3d

23  540, 546 (9th Cir. 1994) ("serious" medical conditions are those a reasonable doctor would

6

1   think worthy of comment, those which significantly affect the prisoner's daily activities, and

2   those which are chronic and accompanied by substantial pain).

3           2.      Deliberate Indifference

4   Plaintiff alleges that he has dealt with pain for years, has struggled over treatment

5   with health care officials, and current medication is not effective.  He requested, but was

6
7   denied, thermal underwear bottoms to relieve chronic pain exacerbated by cold weather.

8   Rouch replied, "there is nothing I can do for you."

9   The pleading does not provide sufficient factual allegations to establish deliberate

10  indifference.  "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391

11
12  F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be

13  aware of the facts from which the inference could be drawn that a substantial risk of

14  serious harm exists,' but that person 'must also draw the inference.'"  Id. at 1057 (quoting

15  Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was

16  not, then the official has not violated the Eighth Amendment, no matter how severe the

17  risk.'"  Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir.

18  2002)).

19
20   To state a claim under § 1983, a plaintiff must set forth specific facts as to the

21  defendant's conduct that proximately caused a violation of his rights.  Leer v. Murphy, 844

22  F.2d 628, 634 (9th Cir.1988).  Plaintiff's allegations do not explain whether Rouch could

23  not or would not fulfill the request and, if he would not, what reasons, if any, were given by

24  Rouch.  To state a cognizable claim, Plaintiff must demonstrate that Defendant Rouch had

25  the authority to authorize long underwear and acted with deliberate indifference to deny it

26  to Plaintiff knowing that doing so would create a substantial risk of harm to Plaintiff.

27

1   Plaintiff will be given leave to amend.  In order to state a cognizable claim, Plaintiff

2   must adequately describe the circumstances surrounding the events at issue and

3   demonstrate that the Defendant knew of and disregarded Plaintiff's serious medical need.

4   **V.     CONCLUSION AND ORDER**

5

6   Plaintiff's Complaint does not state a claim for relief under section 1983.  The Court

7   will grant Plaintiff an opportunity to file an amended complaint.  Noll v. Carlson, 809 F.2d

8   1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate that the

9   alleged acts resulted in a deprivation of his constitutional rights.  Iqbal, 129 S.Ct. at 1948-

10  49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible

11  on its face.'"  Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)).  Plaintiff must also

12  demonstrate that each named Defendant personally participated in a deprivation of his

13  rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

14

15  Plaintiff should note that although he has been given the opportunity to amend, it

16  is not for the purposes of adding new claims.  George v. Smith, 507 F.3d 605, 607 (7th Cir.

17  2007).  Plaintiff should carefully read this Screening Order and focus his efforts on curing

18  the deficiencies set forth above.

19

20  Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint

21  be complete in itself without reference to any prior pleading.  As a general rule, an

22  amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55,

23  57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer

24  serves any function in the case.  Therefore, in an amended complaint, as in an original

25  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

26  The amended complaint should be clearly and boldly titled "First Amended Complaint,"

27

refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as

true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the

speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form

and (2) a copy of his Complaint, filed February 27, 2013;

2.      Plaintiff's Complaint is dismissed for failure to state a claim upon which relief

may be granted;

3.      Plaintiff shall file an amended complaint within thirty (30) days; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, the

Court will recommend that this action be dismissed, with prejudice, for failure to state a

claim and failure to comply with a court order.


IT IS SO ORDERED.

Dated:     March 28, 2013              /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE