UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA,<br><br>             Plaintiff,<br><br>     v.<br><br>ROUCH,<br><br>             Defendant. | CASE No. 1:13-cv-00289-LJO-MJS<br><br>FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTIONS FOR A PRELIMINARY INJUNCTION BE DENIED<br><br>(ECF Nos. 21 and 25)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

**I.     PROCEDURAL HISTORY**

Plaintiff Roberto Herrera is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The operative pleading is Plaintiff's Second Amended Complaint, filed August 28, 2013 (ECF No. 17), against Defendant Rouch for deliberate indifference to Plaintiff's serious medical need in violation of the Eighth Amendment.

On September 20, 2013 and October 17, 2013 Plaintiff filed motions seeking a preliminary injunction. (ECF Nos. 21 and 25.) Plaintiff claims he suffers from chronic pain and has been denied effective medication and thermal underwear needed for pain relief. He requests a court order directing the Defendant to resolve Plaintiff's medical issues. (Id.)

Defendant filed a response on November 13, 2013. (ECF No. 26.) According to Defendant, Plaintiff's request for additional medication was reviewed on October 18, 2013 by a committee of medical professionals. The committee determined Plaintiff's current medication was appropriate. Defendant also notes that Corcoran State Prison (Corcoran) does not issue medical chronos for thermal underwear because they are not considered medical items. Plaintiff is, however, free to purchase thermal underwear, receive them from others, or submit a non-medical appeal to prison staff if he has no other means of obtaining them. Moreover, Defendant notes, "A review of Plaintiff's property inventory dated July 8, 2013, indicated that, as of that date, Plaintiff was in possession of a thermal top and two thermal bottoms." (Id. at 2.)

Plaintiff filed a reply on December 2, 2013. (ECF No. 27.) In it he concedes that he has thermal underwear, but notes that they are four years old and in need of replacement. Plaintiff disputes Defendant's characterization of thermal underwear as a non-medical item.. Documents attached to Plaintiff's reply indicate that the thermal underwear he currently possesses were authorized via medical chrono. (Id. at 19.) Plaintiff reiterates that the current prescribed medication is not effectively treating his chronic pain.

## II.   SUMMARY OF CLAIMS

Plaintiff has a medical condition that required having metal devices implanted into one of his legs. The condition and implants cause chronic pain that worsens in cold weather. On February 15, 2013, Plaintiff approached health care staff member Rouch and requested a chrono for thermal underwear. He also mentioned that his pain medication was not effective. Defendant Rouch refused to do anything for Plaintiff's pain, stating "'there is nothing I can do for you.'" Rouch then left Plaintiff in "severe pain and suffering." Plaintiff has yet to receive treatment. (Am. Compl. at 3.)

### III. **LEGAL STANDARD FOR INJUNCTIVE RELIEF**

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 24 (2008). The standards for a temporary restraining order are essentially the same as that for a preliminary injunction. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009), quoting Winter, 555 U.S. at 20. An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Winter, 555 U.S. at 22.

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ("PLRA"), which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Injunctive relief is to be granted "sparingly, and only in [ ] clear and plain case[s]." Rizzo v. Goode, 423 U.S. 362, 378 (1976).

### IV. **ANALYSIS**

As mentioned above, the Court has determined that Plaintiff's Second Amended Complaint states a cognizable Eighth Amendment claim against the Defendant. There is some likelihood of success on the merits.

However, the Court is not persuaded that Plaintiff is likely to suffer irreparable harm in the absence of an injunction. Plaintiff "must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (citing Winter, 555 U.S. at 22). Defendant asserts that a non-medical appeal is the proper method for requesting

3

thermal underwear and that Plaintiff has not filed such a request. Plaintiff replies that a medical appeal was acceptable the last time he sought thermal underwear. Plaintiff does not deny that he has not filed a non-medical request for thermal underwear. It appears that Plaintiff need only file a non-medical appeal for thermal underwear and it will be considered. Under the circumstances, injunctive relief is not "the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). Plaintiff, through the inmate appeal process, has a means to remedy the thermal underwear issue on his own.

Plaintiff has also failed to demonstrate that, absent an injunction, his current medication will cause irreparable harm. Plaintiff's medication was reviewed October 18, 2013 and found by medical professionals to be sufficient. Plaintiff simply disagrees with the professional opinion.

Plaintiff does not address the balance of equities or the public interest components. His disagreement with the treatment decisions of the Defendant, without more, is not sufficient to establish these elements.

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22. Plaintiff has not clearly shown that he is entitled to injunctive relief.

## V.     **CONCLUSION AND ORDER**

Plaintiff fails to provide facts which would enable the Court to find that he is in need of, and entitled to, injunctive relief. Accordingly, for the reasons stated above the Court RECOMMENDS that Plaintiff's motions for a preliminary injunction (ECF Nos. 21 and 25) be DENIED without prejudice.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document

should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   December 13, 2013            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE