UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROUCH,<br><br>　　　　　Defendant. | CASE No. 1:13-cv-00289-LJO-MJS<br><br>ORDER DENYING DEFENDANT'S REQUEST TO CONVERT THE UNENUMERATED 12(B) PORTION OF THE MOTION TO DISMISS INTO A MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S REQUEST FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 65) |

　　　　Plaintiff Roberto Herrera, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 27, 2013. (ECF No. 1.)  This case proceeds on Plaintiff's Second Amended Complaint which alleges Defendant Rouch denied Plaintiff medical care in violation of the Eighth Amendment.  (ECF No. 18.)

　　　　On December 26, 2013 Defendant Rouch moved to dismiss the case, in part[1], under the unenumerated provisions of Federal Rule of Civil Procedure 12(b) for failure

---

[1] Defendant also asserted that the action should be dismissed for failure to state a claim and because of qualified immunity.  (ECF No. 32.)

exhaust administrative remedies. (ECF No. 32.) Plaintiff filed an opposition and Defendant replied. (ECF Nos. 36 and 37.)

On April 3, 2014, the United States Court of Appeals for the Ninth Circuit issued a decision overruling Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) with respect to the proper procedural device for raising the issue of administrative exhaustion. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). Following the decision in Albino, Defendants may raise the issue of exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment. Albino, 747 F.3d at 1166. An unenumerated Rule 12(b) motion is no longer the proper procedural device for raising the issue of exhaustion. Id. at 1168.

On June 18, 2014, Defendant filed a notice acknowledging Albino and requesting that the Court convert the unenumerated Rule 12(b) portion of the Motion to Dismiss, regarding exhaustion of administrative remedies, into a motion for summary judgment. Alternatively, Defendant asked that he be permitted to withdraw the 12(b) portion and be granted leave to file a motion for summary judgment based on exhaustion of administrative remedies. In either case Defendant asks that the sections of the Motion to Dismiss not addressing exhaustion remain. (ECF No. 65.)

The unenumerated Rule 12(b) portion of the Motion to Dismiss is procedurally deficient in light of the decision in Albino. Because the Rule 12(b) motion does not contain all that a motion for summary judgment would require and to ensure proper notice to Plaintiff of such a motion, the motion to convert shall be denied.

Accordingly, it is HEREBY ORDERED that:

1. The request to convert the unenumerated Rule 12(b) portion of the Motion to Dismiss (ECF No. 32) is DENIED and that section of the motion shall be DISREGARDED; and

2. Defendant's request for leave to file a motion for summary judgment (ECF No. 65) is GRANTED. Defendant shall, within thirty (30) days from the date of service of

this Order, file a summary a summary judgment motion addressing administrative exhaustion.

IT IS SO ORDERED.

Dated:   August 1, 2014              /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE