UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ROBERTO HERRERA, | CASE No. 1:13-cv-00289-LJO-MJS |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS DENYING DEFENDANT'S MOTION TO DISMISS |
| v. | |
| ROUCH, | (ECF No. 32) |
| Defendant. | OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |

**I.  PROCEDURAL HISTORY**

Plaintiff Roberto Herrera, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 27, 2013. (ECF No. 1.)  The action proceeds on Plaintiff's Second Amended Complaint against Defendant Rouch for deliberate indifference to a serious medical need in violation of the Eighth Amendment.  (ECF No. 18.)

Defendant moved to dismiss the case on the grounds that: it states no cognizable claim; that Defendant is, in any event, protected from liability on such claims by the doctrine of qualified immunity; and, that Plaintiff had failed to exhaust his administrative

1

remedies. The last of these three grounds was withdrawn.[1] (ECF No. 32.) Plaintiff filed an opposition (ECF No. 36), Defendant replied (ECF No. 37), and Plaintiff filed a surreply (ECF No. 38).[2] Defendant's motion to dismiss for failure to state a claim and on grounds of qualified immunity is now before the Court.

## II.   LEGAL STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted), cert. denied, 132 S.Ct. 1762 (2012). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party, Daniels-Hall, 629 F.3d at 998,

---

[1] On April 3, 2014 the United States Court of Appeals for the Ninth Circuit determined in Albino v. Baca, 747 F.3d 1162, 1168 (9th Cir. 2014) that an unenumerated Rule 12(b) motion was no longer the proper procedural device for raising the issue of exhaustion. On June 18, 2014, Defendant filed a notice acknowledging Albino and requesting that the Court convert the unenumerated Rule 12(b) portion of the Motion to Dismiss, regarding exhaustion of administrative remedies, into a motion for summary judgment. (ECF No. 65.) Alternatively, Defendant asked that she be permitted to withdraw the unenumerated 12(b) portion and be granted leave to file a motion for summary judgment based on exhaustion of administrative remedies. (Id.) The Court declined to convert the exhaustion argument and granted Defendant's alternative request to withdraw that section. (ECF No. 78.) The arguments that Plaintiff's allegations fail to state a claim and that Defendant is entitled to qualified immunity were not withdrawn and so are addressed in this order.

[2] Plaintiff's unauthorized surreply exclusively addresses Defendant's withdrawn exhaustion arguments, is irrelevant to the present motion, and was not considered in analyzing this motion.

and in this Circuit, pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

### III.   PLAINTIFF'S CLAIMS

The Second Amended Complaint alleges essentially as follows:

Plaintiff has a medical condition that required the implantation of metal devices into one of his legs. The condition and implants cause chronic pain that worsens in cold weather. On February 15, 2013, Plaintiff approached health care staff member Rouch and requested a chrono for thermal underwear. He also mentioned that his pain medication was not effective. Defendant Rouch refused to do anything for Plaintiff's pain, stating "'there is nothing I can do for you.'" Rouch then left Plaintiff in "severe pain and suffering." Plaintiff has yet to receive treatment. (ECF No. 17 at 3.)

### IV.   ARGUMENTS

#### A.   Defendant's Motion to Dismiss

Defendant argues that Plaintiff's allegations do not establish the essential elements of an Eighth Amendment medical care claim: (1) deliberate indifference to an inmate's (2) serious medical needs. Defendant contends that Plaintiff's description of his medical need is too vague to state a claim. (ECF No. 32 at 12.) According to Defendant, the amended complaint uses the phrase "a medical condition" in such a manner as to leave it unclear whether Plaintiff is referring to his chronic pain or something else entirely.

The motion also asserts as follows: Plaintiff's allegations do not rise to the level of

deliberate indifference. Plaintiff never described his medical condition. Instead, he asked Defendant for a medical chrono authorizing thermal underwear and told Defendant that his current pain medication was ineffective. The amended complaint does not allege that Defendant was actually aware of any excessive risk of harm to Plaintiff. (Id. at 13.) The Court's first two screening orders found Plaintiff had not satisfied the deliberate indifference standard because the facts alleged did not provide enough context to determine whether Defendant acted knowingly. Defendant argues that that deficiency was not corrected in the Second Amended Complaint. (Id. at 13-14.)

Finally, Defendant contends that qualified immunity applies because Plaintiff has not sufficiently alleged that Defendant's conduct violated a constitutional right. The Second Amended Complaint does not establish that Defendant, a nurse practitioner, had the authority to do anything under the circumstances. Therefore, a reasonable official in the same situation would not have believed the Defendant's conduct was unlawful. (Id. at 14-15.)

### B.     Plaintiff's Opposition

Plaintiff opposes Defendant's assertion that the Second Amended Complaint fails to state a claim by citing to the Court's contrary finding in its screening order. (ECF No. 36 at 2-3.) Plaintiff does not address the qualified immunity issue.

### C.     Defendant's Reply

Defendant argues that the Court is not bound to the findings of its screening order but has an obligation to dismiss this action any time it concludes the operative pleading fails to state a claim. The reply reiterates that Plaintiff's allegations failed to identify a sufficiently serious medical need and did not establish that the Defendant knowingly disregarded such a need. (ECF No. 37 at 7.)

## V. ANALYSIS

As noted, to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (2009) (quoting Twombly, 550 U.S. at 555); Moss, 572 F.3d at 969. This is the exact same standard which the Court applies in screening a pro se prisoner complaint to determine, prior to allowing it to be served, whether it states a cognizable claim. Indeed, it was that very standard which this Court applied in evaluating Plaintiff's Second Amended Complaint, and it was that review which lead to the Court's conclusion that the amended complaint did state cognizable claims, i.e., the Court found that Plaintiff made claims which, when taken as true for pleading purposes, would survive a Rule 12(b)(6) motion.

Nothing has since changed.

Nevertheless, Defendant argues that the very pleading which this Court found stated a cognizable claim does not state a cognizable claim and should be dismissed pursuant to Rule 12(b)(6). The Court would prefer not to duplicate its efforts and explain again why it reached the conclusions it did on screening, but the present Motion to Dismiss effectively asks it to do so. Accordingly, the Court will here address the substantive issues presented by Defendant's motion.

### 1. Failure to State a Claim

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, it is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show [1] a serious medical need by

5

demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).

Defendant argues the factual allegations in the Second Amended Complaint do not establish that Plaintiff presented a serious medical need or that Defendant knowingly disregarded a risk of harm to Plaintiff. The Court disagrees. The Second Amended Complaint is brief and the allegations are not always precise. Nevertheless, the claim is essentially straightforward.

Plaintiff alleged that he suffers from chronic pain and that metal implants in his leg cause additional pain in cold weather. At the pleading stage Plaintiff is not required to be more specific. "Examples of serious medical needs include [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment . . . or the existence of chronic and substantial pain." Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (citation omitted). Plaintiff explicitly alleged that his pain was chronic; that it was also substantial is a reasonable inference based on the allegations. Metal implants that exacerbate pain is an injury that a reasonable doctor or patient would find worthy of comment.

Defendant maintains further that, under the circumstances, the allegations do not establish that she was aware of an excessive risk of harm to Plaintiff. Defendant notes that the Court's first two screening orders found that Plaintiff's basic allegations did not provide enough context to establish that Defendant acted with deliberate indifference. In

6

both screening orders the Court directed Plaintiff to provide more information. Defendant argues that the Second Amended Complaint failed to provide the necessary allegations.

Defendant is correct that the Court initially found Plaintiff's allegations to be deficient. The Court directed Plaintiff to plead facts explaining whether Defendant could not or would not act and include more factual details. However, the Court ultimately concluded that Plaintiff's allegations plausibly described a scenario where Defendant knowingly disregarded Plaintiff's need for medical assistance.

"The Eighth Amendment requires that prison officials provide a system of ready access to adequate medical care." Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472, 481-84 (1995). "[M]edical staff must be competent to examine prisoners and diagnose illnesses," and must either "be able to treat medical problems or to refer prisoners to others who can." Hoptowit, 682 F.2d at 1253. The Second Amended Complaint clearly alleges that Plaintiff conveyed to Defendant his serious medical concerns. Defendant may not have had direct authority to address the medical need immediately but she was obligated to notify someone who could. The failure to act was the basis for the Court's conclusion that, at the pleading stage, Plaintiff had established deliberate indifference. Defendant's motion does not persuade the Court its analysis is incorrect.

**2.  Qualified Immunity**

Finally, Defendant argues that she is entitled to qualified immunity. Government officials enjoy qualified immunity from civil damages unless their conduct violates clearly established statutory or constitutional rights. Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001). When a court is presented with a qualified immunity defense, the central

questions for the court are: (1) whether the facts alleged, taken in the light most favorable to the plaintiff, demonstrate that the defendant's conduct violated a statutory or constitutional right; and (2) whether the right at issue was "clearly established." Saucier v. Katz, 533 U.S. 194, 201 (2001).

"A government official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" Ashcroft v. al-Kidd, 131 S.Ct. 2074, 2083 (2011) (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)). In this regard, "existing precedent must have placed the statutory or constitutional question beyond debate." Id. The inquiry must be undertaken in light of the specific context of the particular case. Saucier, 533 U.S. at 201.

The Court cannot say what admissible evidence ultimately will prove. At the pleading stage, however, Plaintiff's allegations are accepted as true. If proven, Plaintiff's allegations are sufficient to establish that the Defendant was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

By 2013, the time of the alleged constitutional violation in this case, "the general law regarding the medical treatment of prisoners was clearly established," and "it was also clearly established that [prison staff] could not intentionally deny or delay access to medical care." Clement v. Gomez, 298 F.3d 898, 906 (9th Cir. 2002). Any reasonable prison official should have known that disregarding a serious medical need violates the Eighth Amendment. Accordingly, Defendant's motion to dismiss based on qualified immunity should be denied.

## IV.   CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendant's

Motion to Dismiss (ECF No. 32) be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   September 15, 2014          /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE