UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA,<br><br>    Plaintiff,<br><br>    v.<br><br>ROUCH,<br><br>    Defendant. | CASE NO. 1:13-cv-00289-LJO-MJS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF NO. 43) |

    Plaintiff Roberto Herrera is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action proceeds on the Second Amended Complaint which alleges Defendant Rouch exhibited deliberate indifference to Plaintiff's serious medical need. (ECF No. 18.)

    On September 20, 2013 and October 17, 2013 Plaintiff filed motions seeking a preliminary injunction. (ECF Nos. 21 and 25.) Plaintiff claimed he suffers from chronic pain and has been denied effective medication and thermal underwear needed for pain relief. He requested a court order directing the Defendant to resolve Plaintiff's medical

1

1  issues.  (Id.)  The Court issued findings and recommendations recommending that
2  Plaintiff's motions for preliminary injunctive relief be denied, without prejudice.  (ECF No.
3  29.)  Plaintiff filed objections on January 6, 2014 and the findings and recommendations
4  were adopted on February 13, 2014.  (ECF Nos. 35 and 39.)

5  On February 28, 2014, Plaintiff filed a motion seeking reconsideration of the
6  Court's order denying his motions for a preliminary injunction.  (ECF No. 43.)  Rule
7  60(b)(6) allows the Court to relieve a party from an order for any reason that justifies
8  relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest
9  injustice and is to be utilized only where extraordinary circumstances . . ." exist.  Harvest
10 v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation
11 omitted).  The moving party "must demonstrate both injury and circumstances beyond
12 his control . . . ."  Id. (internal quotation marks and citation omitted).  In seeking
13 reconsideration of an order, Local Rule 230(j) requires Plaintiff to show "what new or
14 different facts or circumstances are claimed to exist which did not exist or were not
15 shown upon such prior motion, or what other grounds exist for the motion . . . ."

16 "A motion for reconsideration should not be granted, absent highly unusual
17 circumstances, unless the . . . court is presented with newly discovered evidence,
18 committed clear error, or if there is an intervening change in the controlling law," Marlyn
19 Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009)
20 (internal quotations marks and citations omitted), and "[a] party seeking reconsideration
21 must show more than a disagreement with the Court's decision, and recapitulation . . . "
22 of that which was already considered by the Court in rendering its decision.  U.S. v.
23 Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

24 Plaintiff urges the Court to reconsider its ruling without providing a compelling
25 reason to do so.  The motion for reconsideration sets out the basic facts underlying
26 Plaintiff's claim and makes clear that Plaintiff disagrees with the Court's conclusion.
27 However, Plaintiff's has not shown clear error or other meritorious grounds for relief.  He
28 has not met the burden imposed on a party moving for reconsideration.  Marlyn

Nutraceuticals, Inc., 571 F.3d at 880.  Accordingly, Plaintiff's Motion for Reconsideration (ECF No. 43) is DENIED, with prejudice.

IT IS SO ORDERED.

Dated:  October 28, 2014            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE