UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA, <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>ROUCH, <br><br>　　　　　Defendant. | CASE NO. 1:13-cv-00289-LJO-MJS (PC) <br><br>**ORDER REGARDING MOTION FOR RECONSIDERATION (ECF No. 105)** <br><br>**FOURTEEN (14) DAY DEADLINE** |

　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983. (ECF Nos. 7 & 17.) The action proceeds against Defendant Rouch on Plaintiff's Eighth Amendment inadequate medical care claim. (ECF No. 18.) Specifically, Plaintiff alleges that he suffers from chronic pain in his leg that worsens in cold weather, and that Defendant Rouch was deliberately indifferent to this serious medical need by refusing to provide thermal underwear. (ECF No. 17.)

　　On August 19, 2014, Defendant filed a motion for summary judgment on the ground Plaintiff failed to exhaust his administrative remedies. (ECF No. 81.) The motion advised Plaintiff of his obligation to file an opposition within twenty-one days. (Id.) On August 27, 2014, Plaintiff filed a motion for the appointment of an expert to oppose Defendant's summary judgment motion and a motion for appointment of counsel. (ECF

1  No. 84.) He did not timely file an opposition to Defendant's motion or seek an extension
2  of time to do so.
3      On December 11, 2014, the Court denied Plaintiff's motion for the appointment of
4  counsel and motion for appointment of an expert. (ECF No. 103.) The Court ordered
5  Plaintiff to file an opposition to the motion for summary judgment within twenty-one days.
6  (Id.) Plaintiff failed to do so. Accordingly, on January 15, 2015, the undersigned issued
7  findings and a recommendation to dismiss Plaintiff's action for failure to obey a court
8  order and failure to prosecute. (ECF No. 104.)
9      Before the Court is Plaintiff's January 29, 2015 motion for reconsideration of the
10 findings and recommendations. (ECF No. 105.) Plaintiff states that he attempted to
11 submit a motion for extension of time on January 1, 2015 by delivering said motion to
12 prison officials. He further states that he was unable to file his opposition following the
13 Court's December 11, 2014 order due to his recent and ongoing medical conditions
14 (including Hepatitis A, Hepatitis B, cocci, a lung infection, headaches, dizziness, and
15 pain) and three hospitalizations.
16     Defendant's motion for summary judgment has been pending since August 19,
17 2014. (ECF No. 81.) Plaintiff has filed no motions to extend time to oppose the motion.
18 No January 1, 2015 motion for extension of time was ever received by the Court.
19     The Court does not disregard Plaintiff's contentions that his medical conditions
20 interfered with his ability to litigate this case. However, Plaintiff's filings reflect that he has
21 suffered from serious medical conditions throughout this litigation. (See, e.g., ECF Nos.
22 25 (motion for preliminary injunction for treatment of chronic pain), 40 (notice of appeal
23 discussing severe pain), and 86 (motion for biopsy testing due to left scrotum pain, tumor
24 in scrotum, headaches, back pain).) Those medical conditions have not prevented him
25 from filing the more than twenty motions he has filed since initiating this action. There is
26 no reason to believe any of them would have kept him from filing a timely opposition or
27 request for additional time.
28

Finally, the Court notes that Defendant's motion for summary judgment is brief, and relatively straightforward. It addresses only whether Plaintiff exhausted his administrative remedies in the twelve day interval between the incident at issue (February 15, 2013) and the initiation of this action (February 27, 2013). (ECF No. 82.) Defendant previously put Plaintiff on notice of this issue in his motion to dismiss (which, however, was withdrawn following Albino v. Baca, 747 F.3d 1162, 1168 (9th Cir. 2014)). In opposition to that motion, Plaintiff stated that he had **attempted** to initiate two administrative appeals of this action, the first on February 20, 2014, and the other on a later, unspecified date. Had his appeals been filed and exhausted, it would have been a simple matter for Plaintiff to so advise the Court. Thus, it appears Plaintiff has not exhausted his administrative remedies and that granting an extension of time would serve no useful purpose. Nothing communicated by Plaintiff has suggested otherwise.

Nevertheless, in order to give Plaintiff every reasonable opportunity to argue otherwise, the Court will take and keep Plaintiff's motion for reconsideration under submission for a period of fourteen days only. During that fourteen (14) day period of time, Plaintiff will have this final opportunity to show cause why his time to oppose the motion for summary judgment should be extended. Any such showing must include at least a summary of the evidence and arguments he would make to show he has exhausted his administrative remedies if additional time to respond were granted.

IT IS SO ORDERED.

Dated:   February 3, 2015         /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE