1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

8

EASTERN DISTRICT OF CALIFORNIA

9

10    ROBERTO HERRERA ,                        CASE NO. 1:13-cv-00289-LJO-MJS (PC)

11                    Plaintiff,               **ORDER (1) DENYING MOTION FOR
                                               RECONSIDERATION (ECF No. 105), AND**
12            v.                               **(2) GRANTING MOTION FOR
                                               EXTENSION OF TIME (ECF No. 107)**
13    ROUCH,

14                    Defendant.

15

16

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil

18    rights action brought pursuant to 28 U.S.C. § 1983. (ECF Nos. 7 & 17.) The action

19    proceeds against Defendant Rouch on Plaintiff's Eighth Amendment inadequate medical

20    care claim. (ECF No. 18.) Specifically, Plaintiff alleges that he suffers from chronic pain

21    in his leg that worsens in cold weather, and that Defendant Rouch was deliberately

22    indifferent to this serious medical need by refusing to provide thermal underwear. (ECF

23    No. 17.)

24          On August 19, 2014, Defendant filed a motion for summary judgment on the

25    ground Plaintiff failed to exhaust his administrative remedies. (ECF No. 81.) The motion

26    advised Plaintiff of his obligation to file an opposition within twenty-one days. (Id.) On

27    August 27, 2014, Plaintiff filed a motion for the appointment of an expert to oppose

28    Defendant's summary judgment motion and a motion for appointment of counsel. (ECF

1

1    No. 84.) He did not timely file an opposition to Defendant's motion or seek an extension

2    of time to do so.

3        On December 11, 2014, the Court denied Plaintiff's motion for the appointment of

4    counsel and motion for appointment of an expert. (ECF No. 103.) The Court ordered

5    Plaintiff to file an opposition to the motion for summary judgment within twenty-one days.

6    (Id.) Plaintiff failed to do so. Accordingly, on January 15, 2015, the undersigned issued

7    findings and a recommendation to dismiss Plaintiff's action for failure to obey a court

8    order and failure to prosecute. (ECF No. 104.)

9        On January 29, 2015, Plaintiff filed a motion for reconsideration of the findings

10   and recommendations. (ECF No. 105.) On February 3, 2015, the Court took Plaintiff's

11   motion under advisement and afforded Plaintiff an opportunity to show cause why his

12   time to oppose the summary judgment motion should be extended. Plaintiff filed his

13   response on February 19, 2015. (ECF No. 109.)

14       Also before the Court is Plaintiff's February 4, 2015 motion for an extension of

15   time to file objections to the findings and recommendations. (ECF No. 107.) Plaintiff filed

16   his objections along with the motion. (ECF No. 108.)

17       Plaintiff's motion for reconsideration and motion for extension of time are deemed

18   submitted.

19   **I.      MOTION FOR RECONSIDERATION**

20       Plaintiff's motion seeks reconsideration on the following grounds: Plaintiff states

21   that he attempted to submit a motion for extension of time on January 1, 2015 by

22   delivering said motion to prison officials. He further states that he was unable to file his

23   opposition following the Court's December 11, 2014 order due to his recent and ongoing

24   medical conditions (including Hepatitis A, Hepatitis B, cocci, a lung infection, headaches,

25   dizziness, and pain) and three hospitalizations. (ECF No. 105.)

26       In taking the matter under advisement, the Court noted that Defendant's motion

27   for summary judgment has been pending since August 19, 2014, without an opposition

28

1    or request for extension of time being filed by Plaintiff. (ECF No. 106.) The Court further

2    noted that Plaintiff has suffered from serious medical conditions throughout the litigation,

3    but nonetheless had filed more than twenty motions, and there was no reason to believe

4    Plaintiff's medical conditions would have kept him from filing a timely opposition or

5    request for additional time. Finally, the Court noted that Defendant's motion addresses

6    only whether Plaintiff exhausted his administrative remedies in the twelve day interval

7    between the incident at issue (February 15, 2013) and the initiation of this action

8    (February 27, 2013). In light of argument submitted on Defendants' earlier motion to

9    dismiss, it appeared Plaintiff has not exhausted his administrative remedies and that

10   granting an extension of time would serve no useful purpose. Nevertheless, the Court

11   afforded Plaintiff an additional fourteen days to show cause why his time to oppose the

12   motion for summary judgment should be extended, supported at least by a summary of

13   the evidence and arguments he would make if additional time to respond were granted.

14        In his response to the Court's order, Plaintiff states that he exhausted his

15   administrative remedies by filing several 602 administrative complaints regarding his

16   chronic pain. Plaintiff states that he exhausted complaints regarding his chronic pain

17   both before and after filing this suit. He wishes to conduct discovery to obtain his

18   administrative appeal records from April 17, 2009 to February 15, 2012. Plaintiff argues

19   that, pursuant to Greeno v. Daley, 414 F.3d 645 (7th Cir. 2005), he is not required to

20   exhaust administrative remedies for "each specific incident."

21        Plaintiff's response does not provide cause for granting the motion for

22   reconsideration. The instant action is limited to Defendant Rouch's denial of Plaintiff's

23   request for thermal underwear on February 15, 2013. It does not involve Plaintiff's more

24   general complaints regarding the allegedly ineffective nature of the pain management he

25   has received, and reportedly continues to receive, at California State Prison – Corcoran.

26   "[A] grievance suffices if it alerts the prison to the nature of the wrong for which redress

27   is sought." Griffing v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (quoting Strong v.

28

1    David, 297 F.3d 646, 650 (7th Cir. 2002)). Under this standard, Plaintiff may not

2    necessarily be required to file and exhaust a separate grievance each time he allegedly

3    receives inadequate medical care for his ongoing chronic pain. See Gomez v. Winslow,

4    177 F. Supp. 2d 977, 982 (N.D. Cal. 2001). Nevertheless, any grievances generally

5    addressing Plaintiff's pain management would not be sufficient to alert prison officials to

6    Plaintiff's complaint regarding the denial of thermal underwear, and thus would not

7    exhaust the claim presented in this action. Accordingly, an extension of time to oppose

8    the motion for summary judgment to provide evidence of prior grievances would serve

9    no useful purpose and will be denied.

10    Similarly futile is Plaintiff's claim that he exhausted administrative remedies after

11    initiating this action. Dismissal is mandatory if Plaintiff failed to exhaust his administrative

12    remedies prior to bringing suit, even if exhaustion occurred while the litigation was

13    pending. McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (per curiam).

14    In sum, Plaintiff provides no basis for reconsidering the findings and

15    recommendations, and his motion will be denied.

16    **II.      MOTION FOR EXTENSION OF TIME**

17    Plaintiff states that he either forgot to timely mail his objections due to his medical

18    condition or he did not complete his objections by the time prison staff passed by to pick

19    up the mail on the date of the filing deadline. (ECF No. 107.) Plaintiff's medical

20    conditions provide good cause for a brief extension of time. Accordingly, Plaintiff's

21    deadline for filing objections to the findings and recommendations will be extended nunc

22    pro tunc to February 4, 2015.

23    **III.     CONCLUSION AND ORDER**

24    Based on the foregoing, it is HEREBY ORDERED that:

25        1.   Plaintiff's motion for reconsideration (ECF No. 105) is DENIED;

26        2.   Plaintiff's motion for extension of time (ECF No. 107) is GRANTED; and

27        3.   Plaintiff's deadline for filing objections to the findings and recommendations

28

1             is extended nunc pro tunc to and including February 4, 2015.

2

3  IT IS SO ORDERED.

4      Dated:    February 24, 2015        /s/ *Michael J. Seng*

5                                  UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28