UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA , <br><br> Plaintiff, <br><br> v. <br><br> ROUCH, <br><br> Defendant. | CASE NO. 1:13-cv-00289-LJO-MJS (PC) <br><br> **ORDER DENYING MOTION FOR RECONSIDERATION** <br><br> **(ECF No. 118)** |

## I. PROCEDURAL HISTORY

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983. (ECF Nos. 7 & 17.) The action, now closed, proceeded against Defendant Rouch on Plaintiff's Eighth Amendment inadequate medical care claim. (ECF No. 18.) Specifically, Plaintiff alleged that he suffered from chronic pain in his leg that worsened in cold weather, and that Defendant Rouch was deliberately indifferent to this serious medical need by refusing to provide thermal underwear. (ECF No. 17.)

On August 19, 2014, Defendant filed a motion for summary judgment on the ground Plaintiff failed to exhaust his administrative remedies. (ECF No. 81.) The motion advised Plaintiff of his obligation to file an opposition within twenty-one days. (Id.) On August 27, 2014, Plaintiff filed a motion for the appointment of an expert to oppose

Defendant's summary judgment motion and a motion for appointment of counsel. (ECF No. 84.) He did not timely file an opposition to Defendant's motion or seek an extension of time to do so.

On December 11, 2014, the Magistrate Judge assigned to the case denied Plaintiff's motion for the appointment of counsel and motion for appointment of an expert. (ECF No. 103.) The Magistrate Judge ordered Plaintiff to file an opposition to the motion for summary judgment within twenty-one days. (Id.) Plaintiff failed to do so. Accordingly, on January 15, 2015, the Magistrate Judge issued findings and a recommendation to dismiss Plaintiff's action for failure to obey a court order and failure to prosecute. (ECF No. 104.)

On January 29, 2015, Plaintiff filed a motion for reconsideration of the findings and recommendation. (ECF No. 105.) On February 3, 2015, the Magistrate Judge took Plaintiff's motion under advisement and afforded Plaintiff an opportunity to show cause why his time to oppose the summary judgment motion should be extended. Plaintiff filed his response on February 19, 2015. (ECF No. 109.) The motion for reconsideration was denied on February 24, 2015. (ECF No. 110). Thereafter, on March 6, 2015, the undersigned adopted the findings and recommendation in part and dismissed the action without prejudice for failure to obey a Court order and failure to prosecute. (ECF No. 112).

On April 13, 2015, Plaintiff filed a notice of appeal. (ECF No. 116.) The Ninth Circuit concluded the appeal was too insubstantial to warrant review and refused to allow the appeal to proceed. (ECF No. 121.)

Before the Court is Plaintiff's April 13, 2015 motion for reconsideration of the order adopting the findings and recommendations. (ECF No. 118.) Defendant opposes the motion. (ECF No. 119.) In reply, Plaintiff filed two declarations. (ECF Nos. 122, 123.) The matter is deemed submitted. Local Rule 230(*l*).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in earlier litigation." Id. Moreover, "recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (9th Cir. 2001) (quoting Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856-57 (D.N.J. 1992)). Similarly, Local Rule 230(j) requires that a party seeking reconsideration show that "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion . . . ."

## III. PARTIES ARGUMENTS

Plaintiff asks that the action be reopened, that Defendant's motion for summary judgment for failure to exhaust his administrative remedies be denied, that his motion for reconsideration and supporting declarations be construed as an opposition to the motion for summary judgment, that he be permitted to amend his complaint to add additional defendants, and that the Court proceed to the merits of his claims. He also asks that counsel be appointed and that the matter be referred for alternative dispute resolution.

Plaintiff reiterates his argument, raised prior to the order dismissing this action,

1 that he was unable to timely prosecute the action due to various medical concerns. He
2 states that, since dismissal, his memory has been refreshed and he now can show that
3 he did, in fact, exhaust his administrative remedies with respect to his claim. He attaches
4 to his motion for reconsideration an exhibit purporting to show exhaustion of
5 administrative remedies. He argues Defendant's summary judgment motion was
6 premature because discovery had not concluded. (ECF No. 118.)

7 Defendant responds that Plaintiff's motion for reconsideration is untimely, and the
8 Court lacks jurisdiction to consider it in light of Plaintiff's appeal. Defendant further points
9 out that the action was dismissed for failure to obey a court order and failure to
10 prosecute. Plaintiff has not presented any facts, circumstances, or law that would justify
11 reconsideration of the dismissal of the action on those bases. (ECF No. 119.)

12 In reply, Plaintiff filed two supporting declarations with numerous and lengthy
13 supporting exhibits. The first declaration (ECF No. 122) argues that his motion for
14 reconsideration was timely filed, apparently because Plaintiff previously filed a motion for
15 reconsideration of a separate order issued by the Magistrate Judge. The second
16 declaration (ECF No. 123) asks to withdraw the motion for reconsideration and replace it
17 with the arguments raised in his declaration. Specifically, Plaintiff claims in his second
18 declaration that he timely opposed Defendant's motion for summary judgment, but that
19 his opposition was not received by the Court because prison staff interfered with
20 Plaintiff's mail. Plaintiff claims that he did not previously raise this argument because he
21 had forgotten about his timely and properly submitted opposition. He again asserts that
22 he has a valid defense to the summary judgment motion and should be permitted to add
23 additional defendants to this action.

24 **IV.    ANALYSIS**

25 In light of the dismissal of Plaintiff's appeal as too insubstantial to warrant review,
26 his motion for reconsideration likely is moot.

27
28

Even if it is not moot, it is without merit. The action was dismissed for Plaintiff's failure to obey a court order and failure to prosecute – specifically, his failure to respond to Defendant's motion for summary judgment. Plaintiff's argument that he was prevented from timely responding due to medical issues was raised and addressed prior to dismissal of the action. Plaintiff presents no new arguments warranting relief.

His claim that his timely opposition to the motion for summary judgment was interfered with by prison staff cannot be credited. In the nearly ten month period between the filing of Defendant's motion for summary judgment and the filing of Plaintiff's declaration on this issue, Plaintiff filed thirteen requests with the Court. None suggested that Plaintiff had attempted to oppose the summary judgment motion but was unable to do so due to misconduct of prison staff. Rather, Plaintiff consistently has argued that he was unable to oppose the motion due to medical concerns. Plaintiff's belated claim that he was prevented from opposing the motion due to prison mail interference does not warrant reconsideration.

The remaining relief requested by Plaintiff is outside the scope of a motion for reconsideration. The action is now closed. Plaintiff's attempt to oppose the motion for summary judgment and amend his complaint, at this stage of the proceedings, will not be entertained. Similarly, appointment of counsel and referral to alternative dispute resolution are not available in this closed action.

**V.     CONCLUSION**

Based on the foregoing, Plaintiff's motion for reconsideration (ECF No. 118) is HEREBY DENIED. The action shall remain closed.

IT IS SO ORDERED.

Dated:   **July 10, 2015**              /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE

5